**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID JACKSON,

      Plaintiff-Appellant,

v.

VERA JACKSON,

      Defendant-Appellee.

No. 06-1237
(District of Colorado)
(D.C. No. 05-CV-02033 WYD-CBS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, David Jackson appeals the district court's *sua sponte* dismissal of the civil rights complaint he brought against his former wife, Vera

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jackson, alleging she colluded with Colorado state judges to deprive him of his federal constitutional rights in proceedings related to the dissolution of their marriage. Jackson sought: (1) an order setting aside the decree of dissolution of marriage entered by the Colorado state court and requiring the defendant to post a $350,000.00 bond, and (2) "emergency review of Colorado Arapahoe District case 2001DR002767 October 14, 2004 ruling."[1] The district court dismissed the suit with prejudice, concluding it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.

*Rooker-Feldman* is a jurisdictional bar which prohibits federal review of state court decisions. *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). *Rooker-Feldman* precludes "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This court reviews a district court's dismissal for lack of subject matter jurisdiction de novo. *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). A de novo review of the record in this case reveals the district court correctly concluded that, regardless of how his

---

[1]Case 2001DR002767 is a state-court matter initiated by Jackson as Petitioner. In the October 14, 2004 ruling, this matter was resolved in favor of the Respondent.

complaint is worded, Jackson is seeking review of state court judgments. Accordingly, *Rooker-Feldman* bars his claims.[2]

The district court, however, erroneously dismissed Jackson's complaint with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."). Accordingly, the judgment of the United States District Court for the District of Colorado is **modified** to reflect that dismissal of Jackson's claims is without prejudice. As so modified, the judgment is **affirmed**. Jackson's request to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]In his appellate brief, Jackson asserts his suit involves questions concerning his right to a writ of habeas corpus. No such claims were raised in Jackson's complaint.