**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID JACKSON,

        Plaintiff–Appellant,

v.

JANICE B. DAVIDSON, Chief Judge;
MARY MULLARKEY, Chief Judge,

        Defendants–Appellees.

No. 07-1389
(D.C. No. 1:07-cv-1763-ZLW)
(D. Colo.)

---

DAVID JACKSON,

        Plaintiff–Appellant,

v.

VERA JACKSON; LAWRENCE
BOWLING, DDA, individual,
Arapahoe County Child Support
Enforcement Agency; MICHAEL
MULLINS, Judge, individual,
2d Judicial District Court, City
and County of Denver Colorado;
ELIZABETH D. LEITH, Magistrate,
individual, 2d Judicial District Court,
City and County of Denver Colorado;
BRIAN WHITNEY, Judge, individual,
2d Judicial District Court, City
and County of Denver Colorado;
SANDRA I. ROTHENBERG, Judge,
individual, Court of Appeals, State of
Colorado,

        Defendants–Appellees.

No. 07-1390
(D.C. No. 1:07-cv-1439-ZLW)
(D. Colo.)

DAVID JACKSON,

        Plaintiff–Appellant,

v.

VERA JACKSON,

        Defendant–Appellee.

No. 07-1442
(D.C. No. 1:07-CV-01871-ZLW)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit Judges.

David Jackson, proceeding pro se, appeals the district court's orders dismissing his claims in these three actions, denying his motion to reconsider, and denying his motions to proceed in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In all three of these actions, Jackson alleged that a denial of due process occurred in his Denver District Court divorce proceedings. Jackson named as

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants in these actions various individuals including his ex-wife, several

Colorado state-court judges and a magistrate judge, and a Colorado deputy district

attorney. In each complaint, he alleged that the state trial court lacked

jurisdiction in the divorce proceedings and that venue was improper. As relief in

Nos. 07-1389 and 07-1390, he asked the federal district court to appoint an

attorney to represent him and to enjoin the state court action. In No. 07-1442,

Jackson asked for a declaratory judgment on the constitutionality of the state

divorce decree.

In separate orders, the district court dismissed all three actions without

prejudice. Concluding that the challenged state-court proceedings were likely

final, the court held that it did not have jurisdiction over Jackson's claims under

the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923);

D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983). Alternatively, in the event that

proceedings were not final, the district court abstained from exercising

jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). The district court

also denied Jackson's motion to reconsider in No. 07-1389. After Jackson filed

timely notices of appeal, he asked the district court for leave to proceed in forma

pauperis, which the court also denied.

On appeal, Jackson argues that the court misinterpreted his complaints.

More specifically, he denies that he is seeking to modify any state-court judgment

or order. He asserts instead that his complaints sought a declaratory judgment on the constitutionality of the state-court divorce decree.

We review de novo the district court's dismissal of a complaint for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. Mann v. Boatright, 477 F.3d 1140, 1145 (10th Cir. 2007). "The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Id. at 1146 (quotations omitted). A complaint seeking review and reversal of a state-court judgment is properly dismissed under Rooker-Feldman. See id. at 1147.

In Nos. 07-1389 and 07-1390, Jackson seeks to enjoin the enforcement of the state-court divorce decree entered on October 7, 1987. This is precisely the type of claim encompassed by the Rooker-Feldman doctrine. See id. (affirming dismissal of claim seeking permanent enjoinment of probate court orders). Moreover, "[f]ederal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (quotation omitted). Thus, the district court also properly determined that it lacked jurisdiction to

award the relief that Jackson asserts he was seeking in all three actions:  a

declaratory judgment on the constitutionality of the state court's divorce decree.[1]

We conclude that the district court properly dismissed Jackson's complaints

in these three actions for lack of subject-matter jurisdiction under

Rooker-Feldman and did not err in denying his motion for reconsideration in

No. 07-1389.  Moreover, we agree with the district court that these appeals were

not taken in good faith.  See Rolland v. Primesource Staffing, L.L.C., 497 F.3d

1077, 1079 (2007) (denying motion for substantially the reasons stated by the

district court).  Jackson's renewed motions to proceed in forma pauperis on

appeal are therefore **DENIED**.  He is required to immediately remit the full

amount of the filing fees in each case.

The judgments of the district court in Nos. 07-1389, 07-1390, and 07-1442

are **AFFIRMED**.  Jackson's motion to enjoin certain state-court orders, filed in

No. 07-1442, is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1]     "[T]he Rooker-Feldman doctrine is confined to cases brought after the state proceedings have ended."  Mann, 477 F.3d at 1146 (quotation omitted).  Jackson does not argue on appeal that the divorce decree he seeks to challenge is not a final judgment.  Therefore, we do not address the district court's alternate basis for dismissal under Younger.