**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID JACKSON,

      Plaintiff - Appellant,

v.

VERA JACKSON; CHIEF JUSTICE
MARY J. MULLARKEY; CHIEF
JUDGE JANICE B. DAVIDSON;
JUDGE SANDRA I. ROTHENBERG;
JUDGE BRIAN WHITNEY; JUDGE
R. MICHAEL MULLINS; STAFF
UNNAMED ATTORNEYS;
MAGISTRATE ELIZABETH D.
LEITH; JUDGE LESLIES M.
LAWSON; JUDGE CONNIE L.
PETERSON; MAGISTRATE
LAWRENCE BOWLING; THE CITY
OF AURORA, COLORADO,

      Defendants - Appellees.

Nos. 10-1060 & 10-1111
(D.C. No. 1:10-CV-00122-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Jackson, proceeding pro se, appeals the district court's orders dismissing his complaint and denying his motion to proceed *in forma pauperis*. The district court dismissed Mr. Jackson's complaint without prejudice primarily on the basis of the *Rooker-Feldman* doctrine. See *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). We review the district court's order of dismissal *de novo*, *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006), affording Mr. Jackson the generous construction of his pleadings and other papers to which *pro se* litigants are entitled, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). In doing so, and after a careful review of the record, we affirm.

Since 1986, Mr. Jackson has pursued state and federal lawsuits, challenging his divorce decree and various orders entered by state courts. Mr. Jackson alleges that his ex-wife, Vera Jackson, and Colorado state judges violated his constitutional rights during the course of his divorce proceedings. He seeks to challenge and undo the outcome of these earlier state court proceedings, which have become final.[1]

---

[1] Mr. Jackson argues in his brief that the state court proceedings have not become final. But even if we were to agree with him, we would still have to dismiss his claims on the basis of *Younger* abstention, as the district court correctly pointed out. *See Younger v. Harris*, 401 U.S. 37 (1971); Order Denying Motion to Reconsider, at 5.

As the district court properly noted, however, this we cannot do.  Indeed, we have twice already disposed of Mr. Jackson's nearly identical claims on *Rooker-Feldman* grounds.  *See Jackson v. Davidson*, 272 Fed.Appx. 722 (10th Cir. 2008) (unpublished); *Jackson v. Jackson*, 195 Fed.Appx. 745 (10th Cir. 2006) (unpublished).  The *Rooker-Feldman* doctrine prevents federal courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).  In other words, "[t]he *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments," *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006), and it thus bars claims, like Mr. Jackson's, that seek to upset or undo prior state-court judgments, *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 928, 173 L.Ed.2d 133 (2009).  For the same reasons, we conclude the district court did not err in denying Mr. Jackson's related motions to reconsider and for judgment as a matter of law.

We deny Mr. Jackson's application to proceed *in forma pauperis* as he fails

to present a reasoned, nonfrivolous argument on appeal. *See McIntosh v. U.S.*

*Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).[2]


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[2] Mr. Jackson has filed several other motions, all of which are denied. For example, we deny Mr. Jackson's motion for "Hearing On Federal Questions Raised In The Motion For Judgment As A Matter Of Law." Mr. Jackson's related motions to correct and supplement his briefing are also denied as moot because the supplemental material would not affect our decision.