FILED
United States Court of Appeals
Tenth Circuit

October 1, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EUGENE WIDEMAN, JR.,

      Plaintiff-Appellant,

v.

STATE OF COLORADO, FAMILY
ENFORCEMENT SERVICES, and
PUEBLO COUNTY, COLORADO,

      Defendants-Appellants.

No. 07-1152

(D.C. No. 06-cv-01423-WDM-CBS)
(D. Colo.)

---

EUGENE WIDEMAN, JR.,

      Plaintiff-Appellant,

v.

AMELIA GARCIA, PUEBLO COUNTY,
COLORADO, and CESAR CHAVEZ
ACADEMY,

      Defendants-Appellants.

No. 07-1154

(D.C. No. 06-cv-2363-WDM-MEH)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are, therefore, ordered submitted without oral argument.

Plaintiff Eugene Wideman, Jr., appearing pro se, appeals from the district court's dismissal for lack of subject matter jurisdiction of two § 1983 actions that he filed. We exercise jurisdiction over these appeals pursuant to 28 U.S.C. § 1291. In Appeal No. 07-1152, we affirm the district court's dismissal of the action, but remand with directions to modify the judgment to indicate the dismissal is without prejudice. In Appeal No. 07-1154, we affirm in part, reverse in part, and remand for further proceedings.

I.

Wideman and defendant Amelia Garcia are the parents of a minor child, referred to by Wideman in his pleadings as "CG-W." According to the allegations in Wideman's two complaints, he and Garcia have had a long-running battle in Colorado state court over the care and custody of CG-W. In his two § 1983 complaints, Wideman asserted a host of complaints regarding the Colorado state courts' resolution of this dispute. For example, Wideman alleged that the state trial court lacked jurisdiction over he and Garcia because they had never been married, altered his parental rights on the basis of insufficient and/or false evidence, and was biased against him because of his gender and

race. Wideman further complained that he had attempted to bring these matters to the attention of the Colorado Court of Appeals (CCA), but that the CCA rejected his claims and "treated him with the same disrespect that [the] lower court did." ROA, No. 07-1152, Vol. I, Doc. 1 at 5. Wideman's two § 1983 complaints sought damages against the various defendants named therein, and also requested relief in the form of an order restoring his parental rights and directing that all child support payments he had made to Garcia be returned to him.

The district court, ruling on motions filed by defendants and at the recommendation of the magistrate judge, dismissed both actions for lack of subject matter jurisdiction. In the first action (Appeal No. 07-1152; District Court Case No. 06-cv-01423-WDM-CBS), the district court dismissed the action with prejudice. In the second action (Appeal No. 07-1154; District Court Case No. 06-cv-2363-WDM-MEH), the district court dismissed the action without prejudice. Wideman now appeals those rulings.

II.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. Guttman v. Khalsa, 446 F.3d 1027, 1031 (10th Cir. 2006). "We may affirm the district court's dismissal on any basis supported by the record and the law." Weaver v. United States, 98 F.3d 518, 519 (10th Cir. 1996).

After reviewing the records on appeal, we conclude that most of the claims asserted in Wideman's two complaints are subject to dismissal for lack of subject matter

3

jurisdiction under the <u>Rooker-Feldman</u> doctrine. See <u>Dist. of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." <u>Lance v. Dennis</u>, 546 U.S. 459, 460 (2006) (per curiam; internal quotations omitted). It also bars any "action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision . . . ." <u>Epps v. Creditnet, Inc.</u>, 320 F.3d 756, 758-59 (7th Cir. 2003) (collecting cases). In this case, it is apparent that the majority of Wideman's claims are little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him by the Colorado state courts. Therefore, those claims are subject to dismissal for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine.

We further conclude that, to the extent Wideman's complaints assert claims that involve matters still pending in Colorado state court, those claims are subject to dismissal pursuant to the <u>Younger</u> abstention doctrine.[1] See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state

---

[1] For example, Wideman alleges that the Colorado state courts have, to date, failed to require paternity testing to be performed, and, in his second claim for relief in the complaint that underlies Appeal No. 07-1152, asks "[t]hat any Paternity test required at this point be under the supervision of the Federal Courts because of the parties involved in this matter on the State level cannot be trusted with any testing." ROA, Appeal No. 07-1152, Vol. I, Doc. 1 at 7.

judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). Those requirements are clearly satisfied here. To begin with, Wideman asserts that the custody proceedings in Colorado state court remain ongoing. Further, it is beyond dispute that such proceedings implicate important state interests. See Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."). Lastly, it is clear that the Colorado state court proceedings offer Wideman an adequate opportunity to litigate any federal constitutional issues that may arise; indeed, Wideman concedes in his pleadings that he has previously raised such issues in the Colorado state proceedings.

The only claim in either complaint that does not readily fall into one of the two categories discussed above is Wideman's claim, asserted in Appeal No. 07-1154 (District Court Case No. 06-cv-2363-WDM-MEH) that defendant Cesar Chavez Academy, a public charter school in Pueblo, Colorado, violated his constitutional rights by denying him equal access to CG-W's school records. ROA, Appeal No. 07-1154, Vol. I, Doc. 1 at 5. There is no indication in the record that this claim is part of the underlying state court proceedings and, on its face, this claim appears to involve a matter of federal law that the district court is empowered to review under the federal question statute, 28 U.S.C. § 1331. Thus, we reverse the district court's dismissal of this claim and remand to the

5

district court for further proceedings on this claim.[2]

As a final matter, we conclude it is necessary to remand Appeal No. 07-1152 (District Court Case No. 06-cv-01423-WDM-CBS) in order to allow the district court to modify the dismissal to be without prejudice. Because dismissals based upon the Rooker-Feldman and Younger abstention doctrines are jurisdictional, they should be entered without prejudice. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1214 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

In Appeal No. 07-1152 (District Court Case No. 06-cv-01423-WDM-CBS), we AFFIRM the district court's dismissal of the action, but REMAND the case to the district court with directions to modify the judgment to indicate the dismissal is without prejudice. In Appeal No. 07-1154 (District Court Case No. 06-cv-2363-WDM-MEH), we

---

[2] The magistrate judge and district court, in addressing the Academy's motion to dismiss, noted that Wideman had failed to effect proper service of his complaint on Academy. Although the magistrate judge noted that "courts [generally] allow a plaintiff the opportunity to cure defects in service of process, rather than dismissing the complaint," he concluded that such relief was not appropriate here because, in his view, the district court lacked subject matter jurisdiction over the entire action. ROA, Appeal No. 07-1154, Vol. I, Doc. 13 at 4. In turn, the district court likewise dismissed the entire action for lack of subject matter jurisdiction.

AFFIRM in part, REVERSE in part, and REMAND for further proceedings.


                                    Entered for the Court


                                    Mary Beck Briscoe
                                    Circuit Judge