**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EUGENE WIDEMAN, JR.,

      Plaintiff–Appellant,

v.

AMELIA GARCIA,

      Defendant–Appellee.

No. 09-1433
(D.C. No. 1:08-CV-00966-MSK-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

This is the fourth of five pro se appeals plaintiff-appellant Eugene

Wideman, Jr. has filed with this court. In this case, he appeals the district court's

dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6). Wideman sued Amelia

Garcia, the mother of his daughter, asserting that she violated his constitutional

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights by filing allegedly false affidavits in connection with Colorado state court child custody and support proceedings, and allegedly conspiring with Colorado officials to deprive him of his parental rights and personal property through the illegal entry of child custody and support judgments. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

To state a valid claim under § 1983, a plaintiff must allege: (1) the violation of a constitutional or federal statutory right; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988)). The district court dismissed Wideman's appeal under Fed. R. Civ. Pro. 12(b)(6), holding that he had not sufficiently alleged facts demonstrating that Garcia was acting under color of state law. Wideman v. Garcia, No. 08-cv-00966-MSK-MJW, 2009 WL 2809419, at *2-3 (D. Colo. Aug. 28, 2009). Wideman now appeals that ruling.

We review a Rule 12(b)(6) dismissal de novo, asking whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Wideman appeals pro se, we construe his complaint liberally. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

After reviewing the pleadings, the evidence of record, and the applicable law, we find no fault in the decision of the district court. Garcia was not a state official, nor could her decision to file several family-law actions against Wideman be plausibly read as a conspiracy with Colorado officials. We therefore affirm the dismissal for substantially the reasons stated by that court in its Order Granting Motion To Dismiss dated August 28, 2009.

## II

We now turn to Garcia's motion for sanctions under Fed. R. App. P. 38. Wideman's pro se status does not shield him from the imposition of sanctions. See Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986). Under Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "Just damages" may include attorney's fees. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Id. (quotation omitted).

Wideman's appeal is frivolous. His appellate arguments ignore legal precedent in favor of his own interpretation of the language of § 1983, and his federal case against Garcia is simply another attempt to relitigate state court proceedings that concluded years ago. His response to Garcia's motion for

sanctions evidences his true intent. Despite the fact that this is nominally a § 1983 case with Garcia as the sole defendant, he devotes two sentences of his two-page response to arguing that his appeal is meritorious, but the remainder to asking this court to overturn state child support and custody rulings.

While Garcia's motion asked for double her reasonable attorney's fees and costs, we instead award reasonable appellate attorney's fees and double appellate costs. Pursuant to Fed. R. App. P. 39, Garcia must file within fourteen days an itemized and verified statement of her costs and proof of service with the clerk of this court. We remand to the district court for a determination of reasonable appellate attorney's fees. The district court shall modify its judgment accordingly. See Olson v. Coleman, 997 F.2d 726, 728 (10th Cir. 1993).

### III

The judgment of the district court is therefore **AFFIRMED** and Garcia's motion for sanctions is **GRANTED** in part. We **REMAND** for calculation of appellate attorney's fees.

Entered for the Court


Carlos F. Lucero
Circuit Judge