FILED
United States Court of Appeals
Tenth Circuit

June 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EUGENE WIDEMAN,

      Plaintiff–Appellant,

v.

STATE OF COLORADO,

      Defendant–Appellee.

No. 09-1398
(D.C. No. 1:08-CV-00764-CMA-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

---

This is the third of five appeals filed by pro se plaintiff–appellant Eugene

Wideman, Jr., challenging Colorado state-court decisions in child custody and

support proceedings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm

the district court's grant of summary judgment to the State of Colorado.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In two previous appeals, Wideman sought to overturn the district court's dismissal, for lack of subject matter jurisdiction, of two 42 U.S.C. § 1983 actions filed against Amelia Garcia, the mother of the minor child at the center of the custody dispute; the State of Colorado; Pueblo County, Colorado; a school the child attended; and a Colorado child support enforcement program. He alleged wrongdoing by the defendants related to the Colorado courts' resolution of his custody and support disputes with Garcia. On appeal, this court upheld the district court's dismissal of most of Wideman's claims under the Rooker-Feldman doctrine. See Wideman v. Colorado, 242 F. App'x 611, 613-14 (10th Cir. 2007). We also affirmed the dismissal of claims involving matters pending in Colorado court pursuant to the Younger abstention doctrine. Id. at 614. Finally, we reversed the dismissal of Wideman's claim against his child's school, and remanded another claim so that the district court's dismissal could be modified to be without prejudice. Id.

As he states in his opening brief in this appeal, Wideman then "re-filed the above mention[ed] cases" as a new complaint raising constitutional challenges allegedly not barred by the Rooker-Feldman doctrine. He "also requested a review of the action by the State[']s Department of Children Enforcement, [which] placed a lien on [his] personal assets." The district court read Wideman's complaint as asserting that Colorado violated his constitutional and statutory

-2-

rights by: (1) allowing a "divorce court" to hear custody disputes between non-married people; (2) using guardian ad litems in custody disputes; (3) using the "preponderance of the evidence" standard in custody cases; (4) allowing the court to keep a parent from seeing his or her child without a therapist present for more than thirty days, and (5) retaliating against him after he filed his first two federal lawsuits. Wideman v. Colorado, No. 08-cv-00764-CMA-KML, 2009 WL 2615405, at *1 (D. Colo. Aug. 25, 2009).

Adopting the recommendations of the magistrate judge, the district court concluded that claims one and three were barred by res judicata and claims two and five were barred by the Rooker-Feldman doctrine. Id. at *4-5. The court dismissed Wideman's fourth claim for failure to state a claim, concluding that he had "not provided a single supporting factual allegation." Id. at *6. Wideman appeals the dismissal of his first, second, third, and fifth claims.

**II**

Wideman does not assert that the district court misconstrued the allegations set forth in his complaint.[1] He argues instead that: (1) the application of the Rooker-Feldman doctrine and res judicata was in error because his first two

---

[1] The government urges us to dismiss Wideman's appeal for failure to comply with Fed. R. App. P. 28. While Wideman's pro se status neither makes us his advocate nor relieves him of his obligation to comply with the fundamental requirements of the Rules of Appellate Procedure, we have an obligation to construe his filings liberally. See Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009). We have closely examined his often-confusing appellate briefs to discern the arguments presented.

federal district court cases were not decided on the merits; (2) application of res judicata was improper because the state decisions were not fully or fairly litigated and the resulting orders were illegal; (3) application of the Rooker-Feldman doctrine was improper because Wideman was a defendant in the state court proceedings; and (4) there are genuine issues of fact in his cases that have not been settled.[2]

Having thoroughly examined the briefs, the record on appeal, and the applicable law, we conclude that Wideman's arguments on appeal are without merit. The district court determined that the Rooker-Feldman doctrine and res judicata applied based on prior state court decisions—not Wideman's prior federal lawsuits—and correctly concluded that the state court actions were fully and fairly litigated. Furthermore, that Wideman was the defendant in his earlier state court proceedings is irrelevant to the application of the Rooker-Feldman doctrine. See PJ ex rel. Jensen v. Wagner, __ F.3d __, 2010 WL 1783417, at *8 (10th Cir. May 5, 2010) (applying the Rooker-Feldman doctrine to bar plaintiffs'

---

[2] Wideman's appeal also could be construed to argue that a state civil court may not issue a restraining order in the absence of a criminal prosecution, and that application of res judicata was improper because Colorado was not a party to the state decisions. Because he failed to raise these issues before the district court, however, we decline to consider them on appeal. See Fogarty v. Gallegos, 523 F.3d 1147, 1156 n.8 (10th Cir. 2008).

Further, Wideman argues that district court erred in "dismiss[ing his] request for an Agency review." Wideman, however, did not request agency review from the district court. Consequently, we decline to consider this argument as well.

claims when plaintiffs had been defendants in earlier state court suit). Because res judicata and the <u>Rooker-Feldman</u> doctrine bar each of the claims that Wideman appeals, no genuine issues of material fact remain

**III**

Wideman has also filed a petition for a writ of mandamus based on many of the same claims raised in this appeal. In his petition, he again argues that the state court child support decisions are invalid and asks this court to order the State of Colorado to produce documentation showing that they have some other valid reason for collecting child support or, if no such documentation can be produced, cease with its collection efforts and return the amounts previously collected. Wideman also argues that the various limitations on his contact with his child cannot be upheld without a criminal conviction. He asks this court to order the State of Colorado to either prove that he has been convicted of a crime or remove all barriers to unlimited contact.

Mandamus is a drastic remedy, which is to be used only in extraordinary situations. <u>Weston v. Mann (In re Weston)</u>, 18 F.3d 860, 864 (10th Cir. 1994). "The traditional use of the writ [of mandamus] in aid of appellate jurisdiction . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." <u>Mallard v. U.S. Dist. Court</u>, 490 U.S. 296, 308 (1989) (quotation omitted). Wideman is attempting to use the writ as another avenue to attack the

state rulings against him. This is an improper use: "We have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (quotation omitted).

## IV

For the foregoing reasons, we **AFFIRM** the judgment of the district court and **DENY** Wideman's petition for a writ of mandamus. All pending motions are **DENIED**.

<div style="margin-left: 50%;">

Entered for the Court


Carlos F. Lucero
Circuit Judge

</div>