FILED
United States Court of Appeals
Tenth Circuit

September 28, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EUGENE WIDEMAN,

Plaintiff-Appellant,

v.

STATE OF COLORADO; ROSLIN
VIGNA; DOUGLAS GLOVER,

Defendants-Appellees.

No. 10-1096
(D.C. No. 1:09-CV-00095-CMA-KMT)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

Eugene Wideman, proceeding pro se, appeals the district court's grant of summary judgment to the State of Colorado, Roslin Vigna, and Douglas Glover. He also asserts that he is appealing the district court's denial of his Fed. R. Civ. P. 52(b) motion for amendment and request for a rehearing, but he

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

does not support this assertion with argument.  Hence, he has waived appellate review of the district court's denial of the motion.  *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007).

The procedural history surrounding this case is well known to the parties and amply set forth in the magistrate judge's recommendation, R. at 169-73, so we will not repeat it here.  Suffice it to say that Mr. Wideman's appeal stems from a 1998 judgment entered by the Pueblo County Colorado District Court; specifically, by defendant Judge Roslin Vigna, establishing parenting time and providing for the support of Mr. Wideman's minor child.  Since 2006, Mr. Wideman has filed—in federal court—five cases pertaining to issues surrounding the state court judgment.  To date, we have adjudicated four of his appeals arising from those federal cases.[1]  This appeal is the fifth.

Mr. Wideman filed this action for damages against the State of Colorado, Judge Vigna, and Douglas Glover (the court-appointed guardian ad litem in the state-court proceedings), alleging they "used the State Statutes on child custody

---

[1]     *See Wideman v. Garcia*, No. 09-1433, 2010 WL 2382454, at *2 (10th Cir. June 14, 2010) (unpublished) (deeming appeal "frivolous"); *Wideman v. Colorado*, No. 09-1398, 2010 WL 2382459, at *2 (10th Cir. June 14, 2010) (unpublished) (characterizing Mr. Wideman's appellate arguments as "without merit"); *Wideman v. Colorado*, 242 F. App'x *611, *614 (10th Cir. 2007) (unpublished) (resolving appeal numbers 07-1152 and 07-1154, and observing "that the majority of [Mr.] Wideman's claims are little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him by the Colorado state courts").

and parental responsibility to racially oppress the Plaintiff . . . in violation of his Constitutional Rights, as well as Federal statute." R. at 6. As described by the magistrate judge, it appears Mr. Wideman asserts

> only one claim in his Complaint—[1] that he has been the victim of racial discrimination. However, couched within that one claim are allegations [2] that Defendant Vigna did not have jurisdiction over paternity matters; [3] that the defendants have retaliated against him for requesting that his case be placed in a different court; [4] that he has been "maliciously prosecuted"; [5] that the defendants never held a hearing to make a determination that he is the biological father of the minor child; and [6] that the child's mother has been given preferential treatment.

*Id.* at 180.

The magistrate judge found claims one, two, five, and six barred by res judicata and determined that the defendants were entitled to summary judgment on these claims. Claims three and four, however, she found to be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The magistrate judge next found Mr. Wideman's claims against the State of Colorado and Judge Vigna barred by the Eleventh Amendment; Judge Vigna entitled to absolute immunity on Mr. Wideman's civil rights claims; Mr. Wideman's complaint barred by the applicable statute of limitations; Mr. Glover entitled to absolute quasi-judicial immunity; and Mr. Glover entitled to summary judgment on Mr. Wideman's civil rights claims because Mr. Glover's actions were not undertaken under color of state law.

-3-

The district court agreed with the magistrate judge's analysis, adopted her recommendation, and dismissed the case *with prejudice*. This appeal followed.

Affording Mr. Wideman a generous construction of his pro se filings, *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010), *petition for cert. filed* (U.S. July 28, 2010) (No. 10-5811), he contends the district court (1) "engaged in deceptive behavior," Aplt. Opening Br. at 5; (2) erroneously allowed a state court "judge who lacked jurisdiction to preside over [his state court] cases," *id.*; (3) failed to require the defendants to demonstrate their entitlement to immunity and neglected to hold a hearing on immunity prior to considering other matters; (4) exhibited "race, sex, and class bias . . . and disregard[ed] . . . settled law," *id.* at 11; (5) failed to rule on "the states [sic] compliance with [42] U.S.C. [§] 2000d-7," R. at 12; and (6) improperly determined that his complaint was barred by the applicable statute of limitations.

Our jurisdiction arises under 28 U.S.C. § 1291. "We review de novo the district court's decision to grant each defendant summary judgment, viewing the facts in the light most favorable to the nonmoving party." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1192 (10th Cir. 2010). "Summary judgment is appropriate when the record demonstrates 'that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)(2)).

-4-

Having reviewed the record, the parties' appellate materials, and the relevant legal authority, we hold that Mr. Wideman has failed to identify any reversible error in this case. We therefore AFFIRM the judgment of the district court for substantially the same reasons set forth in the magistrate judge's recommendation, although we REMAND the case to the district court with directions to modify the judgment to be *without prejudice* as to: (1) claims three and four against all defendants as barred by the *Rooker-Feldman* doctrine, *see Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice."); and (2) the claims against the State of Colorado and Judge Vigna as barred by the Eleventh Amendment, *see Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978) (affirming district court order dismissing complaint "without prejudice" upon a determination "that the Eleventh Amendment to the Constitution of the United States barred federal jurisdiction") (quotation omitted)).

Because we deem this appeal frivolous, we GRANT Mr. Glover's motion for appellate attorney's fees and double appellate costs, the same Fed. R. App. P. 38 sanction imposed in the related case, *Wideman v. Garcia*, No. 09-1433, 2010 WL 2382454, at *2 (10th Cir. June 14, 2010) (unpublished). *See* Fed. R. App. P. 38. Mr. Glover shall file, within fourteen days from the date of this order and judgment, an itemized and verified statement of his costs and

proof of service with the Clerk of this court. *See* Fed. R. App. P. 39. We REMAND to the district court for a determination of reasonable appellate attorney's fees. The district court shall modify its judgment accordingly. *See Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993).

Subject to Mr. Wideman's opportunity to object, described below, we also restrict him from filing any further pro se materials with this court related to either the subject matter of the four federal lawsuits we have already adjudicated, *see supra* n.1, or to the subject matter of this appeal. *See Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007). The Clerk of this court shall return any such filings, unfiled, to Mr. Wideman. *See Ford*, 552 F.3d at 1181; *Andrews*, 483 F.3d at 1078. Mr. Wideman shall have twenty days from the date of this order and judgment to file written objections to these proposed filing restrictions. His objections shall be limited to ten pages. If he does not file timely objections, the filing restrictions shall take effect thirty days from the entry of this order and judgment. If he does file timely objections, these restrictions shall only take effect if this court rules against Mr. Wideman's objections. The filing restrictions shall apply to any matter filed after that time.

Finally, we DENY Mr. Wideman's motion to stay *Wideman v. Colorado*, No. 09-1398, 2010 WL 2382459 (10th Cir. June 14, 2010) (unpublished), and *Wideman v. Garcia*, No. 09-1433, 2010 WL 2382454 (10th Cir. June 14, 2010)

(unpublished), as procedurally inappropriate, and we DENY his motion to stay this appeal as unsubstantiated.

Entered for the Court

John C. Porfilio
Circuit Judge