FILED
United States Court of Appeals
Tenth Circuit

March 27, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DANIELLE ALFARO,

    Plaintiff - Appellant,

v.

COUNTY OF ARAPAHOE; CITY OF
CENTENNIAL; JOHN AND JANE
DOES,

    Defendants - Appellees.

No. 18-1394
(D.C. No. 1:18-CV-00737-MSK-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Danielle Alfaro, proceeding pro se, appeals the district court's order dismissing her complaint for lack of subject-matter jurisdiction.[1] For the reasons explained below, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Alfaro's advocate. _See James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

Alfaro filed a complaint in federal district court alleging various constitutional violations in connection with her state-court divorce and child-custody proceedings. In fact, all of her claims—the 76 that she included in her original complaint and the 31 that she added in two amendments—challenged the conduct and decisions of the state-court judge presiding over those divorce and child-custody proceedings. Alfaro asked for monetary and injunctive relief. She also requested mandamus relief, asking the district court to "issu[e] immediate summary judg[]ment" and to "dismiss[], revers[e], vacat[e], and/or quash[] all biased, prejudicial, and/or void judg[]ments issued at any time during the [state-court] proceedings." R. 74.

Acting sua sponte, the magistrate judge issued a show-cause order to Alfaro, asking her to "articulat[e] the basis for the court's subject[-]matter jurisdiction." *Id.* at 61; *see also 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (noting federal courts' "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))). Alfaro filed a response, which the magistrate judge found unpersuasive. The magistrate judge recommended dismissing Alfaro's complaint without prejudice for lack of subject-matter jurisdiction.

The district court adopted the magistrate judge's recommendation over Alfaro's objections. It first noted, like the magistrate judge did, that federal courts lack jurisdiction over domestic-relations cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts lack power "to issue divorce,

2

alimony, and child[-]custody decrees"); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (holding that district court lacked jurisdiction over child-custody dispute). This is known as the domestic-relations exception, and under it, a federal court cannot "reopen, reissue, correct, or modify" an order in a domestic-relations case. *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (finding domestic-relations exception inapplicable because litigant sought to *enforce* divorce decree, not to "reopen, reissue, correct, or modify" it). The district court then rejected Alfaro's contention that she "[was] not directly litigating the prior divorce and child[-]custody decree, but instead, [was] pursuing independent federal and state constitutional and statutory claims that merely happen to involve [the state-court judge's] conduct during those proceedings." R. 227. In so doing, the district court concluded that "all of [Alfaro's] claims attack orders issued" in the state divorce and child-custody proceedings. *Id.* Thus, the district court determined that it lacked subject-matter jurisdiction under the domestic-relations exception.

Further, the district court agreed with the magistrate judge that the *Rooker-Feldman* doctrine barred it from reviewing any final state-court judgment in the divorce and child-custody proceedings. The *Rooker-Feldman* doctrine bars federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district[-]court proceedings commenced and inviting district[-]court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And it noted that Alfaro complained of injuries caused by state-court judgments. *See*

3

*Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (unpublished) (finding appellant's claims barred by *Rooker-Feldman* doctrine because they were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in state-court child-custody dispute).

Additionally, the district court noted that if the state-court proceedings were ongoing, it would decline to exercise jurisdiction under the *Younger* abstention doctrine. That doctrine requires a federal court to decline to hear a case when ongoing state judicial proceedings implicate an important state interest and afford an adequate opportunity to litigate federal constitutional issues. *See Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). Here, the district court noted that it wasn't clear whether the state-court proceedings were ongoing. But to the extent that they were, the *Younger* abstention doctrine applied. *See Wideman*, 242 F. App'x at 614 (concluding that "to the extent [appellant's] complaints assert claims that involve matters still pending in Colorado state court, those claims are subject to dismissal pursuant to the *Younger* abstention doctrine"). Accordingly, the district court dismissed Alfaro's complaint without prejudice. Alfaro appeals.[2]

---

[2] We usually lack jurisdiction to review the dismissal of a complaint without prejudice. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) (explaining that dismissal without prejudice is usually nonfinal and nonappealable because party can amend complaint). But we have jurisdiction here because the district court dismissed the entire action, not just the complaint. *See id.* (explaining that "dismissal of the entire action is ordinarily final" (quoting *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006))).

4

Our review is de novo. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006) (noting de novo review of dismissal for lack of subject-matter jurisdiction). Alfaro asserts, as she did below, that her complaint is "not barred by" the domestic-relations exception because she "is not seeking" to have this court issue any domestic-relations orders. Aplt. Br. 18. She explains that she's instead "asking that this [c]ourt ensure that [her] rights are upheld." *Id.* But Alfaro asks us to uphold her rights by "rectif[ying]" the state court's "void, unconstitutional, [and] unenforceable orders." *Id.* This we cannot do.

The domestic-relations exception applies "[i]f the federal court is called upon to decide those issues regularly decided in state[-]court domestic[-]relations actions." *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). And here, Alfaro asks us to do exactly that. She specifically "prays that each order in the [d]omestic [c]ase to date is scrutinized for its legal merits." Aplt. Br. 35. Such scrutiny would necessarily entail "decid[ing] those issues regularly decided in state[-]court domestic[-]relations actions." *Vaughan*, 883 F.2d at 65. Accordingly, as the district court determined, the domestic-relations exception applies.

Further, Alfaro's suggestion that federal jurisdiction exists because the state court "issued void, unconstitutional, and unenforceable orders" is unavailing. Aplt. Br. 27–28. Federal "courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *D.C. Court of Appeals v.*

5

*Feldman*, 460 U.S. 462, 486 (1983)). Indeed, as the district court concluded, reviewing the merits of final state-court orders "is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine." *Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) (unpublished) (finding that *Rooker-Feldman* doctrine barred claim "seek[ing] to enjoin the enforcement of [a] state-court divorce decree"). Further, to the extent that the state-court proceedings are ongoing, the district court properly concluded that *Younger* abstention would apply. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding).

Thus, we affirm. Additionally, we deny Alfaro's motion to supplement the record with documents that weren't before the district court. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1051 (10th Cir. 2017) ("We will not consider material outside the record that was not before the district court unless it is necessary to 'truly disclose[ ] what occurred in the district court.'" (alteration in original) (quoting Fed. R. App. P. 10(e)). And as a final matter, we grant Alfaro's motion to proceed in forma pauperis and remind her of her obligation to continue making payments until

the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court


Nancy L. Moritz
Circuit Judge