**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EUGENE WIDEMAN, JR.,

Plaintiff - Appellant,

v.

UNITED STATES GOVERNMENT,

Defendant - Appellee.

No. 19-1210
(D.C. No. 1:19-CV-00717-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Eugene Wideman, Jr., appearing pro se,[1] appeals the dismissal of his action

against the United States Government under the Federal Employees' Compensation

Act (FECA), 5 U.S.C. §§ 8101-8193; the Federal Tort Claims Act (FTCA), 28 U.S.C.

§§ 1346(b), 2671-2680; the Civil Rights Act of 1968, 18 U.S.C. §§ 231-33, 245,

2101-02, 25 U.S.C. §§ 1301-1341, 42 U.S.C. §§ 3601-3631; and the First and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Mr. Wideman] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Fourteenth Amendments to the United States Constitution. Mr. Wideman also has filed a motion to compel, in which he seeks an order from this court compelling the immediate reinstatement of his FECA medical benefits. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal and deny the motion to compel.

## BACKGROUND

According to his complaint,[2] Mr. Wideman has been receiving FECA benefits since 2002 due to an injury he sustained while working for the Federal Bureau of Prisons. Mr. Wideman was placed under the care of Dr. Anjum Sharma in late 2017. Dr. Sharma determined Mr. Wideman was capable of standing four to six hours per day and was capable of returning to work. On the corresponding paperwork, he listed Mr. Wideman's job as a correctional officer, which Mr. Wideman believed was "racist" and based on an assumption that he, as an African-American, "has limit[ed] education as well [as] limited job experience." R. at 15. Because Mr. Wideman also believed Dr. Sharma was ignoring his complaints with his hands and wrists and was conspiring with the government to terminate his benefits, he used his personal insurance to see a hand and wrist specialist. On November 1, 2018, the specialist confirmed Mr. Wideman had Carpal Tunnel Syndrome in both hands.

The following day, Mr. Wideman called the Office of Worker's Compensation Programs (OWCP) and spoke with a claims examiner. During the conversation, the

---

[2] We decline to consider additional factual allegations Mr. Wideman has included in his briefs that were not pleaded and part of the record before the district court "since it is only the sufficiency of the complaint which is being reviewed." *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993).

2

claims examiner asked "[i]f he was so disabled how could he go shop for groceries." R. at 14 (internal quotation marks omitted). Mr. Wideman believed this was "racist" and stereotyped "African-Americans as being lazy and wanting only to set [sic] home and get free money from the Government while they watch TV all day and go shopping." *Id.* That same day, the OWCP terminated Mr. Wideman's FECA benefits on the ground that he refused to participate in vocational testing and training. However, he believed the termination was because of his age and race and that the government was attempting to avoid paying for several surgeries he required.

On March 8, 2019, Mr. Wideman filed this action, which, although "rambling and repetitive of claims he has raised in previous complaints," R. at 437, alleged that he was subjected to age and racial discrimination, that his FECA benefits were improperly terminated, and that he received negligent medical care. He sought, *inter alia*, reinstatement of his benefits, reimbursement for the visit to the specialist, an anti-gravity treadmill, a prescription for medical marijuana, and $1.7 million. The matter was referred to a magistrate judge, who recommended the action be dismissed in part without prejudice for lack of subject matter jurisdiction and dismissed in part with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court adopted the recommendation,[3] and Mr. Wideman timely appealed.

---

[3] The government filed a motion to dismiss the day before the magistrate judge issued his recommendation, and Mr. Wideman asserts the magistrate judge "refused to allow" him an opportunity to respond. Aplt. Opening Br. at 3. But the magistrate judge reviewed the complaint for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i), and therefore, neither the magistrate judge nor the district court addressed the merits of the government's motion, which the district court ultimately denied as moot.

**DISCUSSION**

Mr. Wideman contends the district court erred in dismissing (1) his statutory and constitutional claims regarding the termination of his FECA benefits, and (2) his racial discrimination claims.[4] We hold that Mr. Wideman waived his FECA-related claims and that the district court properly dismissed his racial discrimination claim.

## I. FECA-Related Claims

Mr. Wideman first contests the district court's dismissal of his FECA-related claims. These claims are waived under our court's firm waiver rule.

Under the firm waiver rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales–Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in [a magistrate judge's] order not timely objected to."). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (finding a general objection insufficient to preserve review of specific issues).

---

[4] On appeal, Mr. Wideman has not addressed his age discrimination or FTCA claims. These claims, thus, are waived. *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011). We also decline to consider claims that he attempts to raise for the first time on appeal, including a standalone conspiracy claim purportedly under 18 U.S.C. § 241 and claims under the Fourth and Sixth Amendments. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

After the magistrate judge entered his recommendation, Mr. Wideman filed objections but *only* as to his claim of racial discrimination. *See* R. at 453-55. Because he did not object to the magistrate judge's recommendation regarding his FECA-related claims, those claims are subject to the firm waiver rule.[5] *See Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 n.1 (10th Cir. 2008) (deeming an issue waived where it was not included in the objections).

Mr. Wideman may avoid the firm waiver rule if can show that (1) he was not informed of the time period for objecting and the consequences for failing to object, or (2) the interests of justice warrant review. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). Mr. Wideman cannot avail himself of the first exception because (1) he has not contended he was unaware of the time period for objections; and (2) the magistrate judge's recommendation plainly included notice of the need to file objections to preserve issues for appellate review. As for the second exception, "we have considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1238 (internal quotation marks omitted). Mr. Wideman has stated he "assume[d] . . . everything in the Record on Appeal was appealable." Aplt. Reply Br. at 8. But the magistrate judge cautioned that "objections must specifically

---

[5] Although the district court stated it "reviewed the Recommendation de novo," R. at 458, and, thus, applied the "review normally triggered only by timely and specific objections . . ., that fact [does] not preclude application of the waiver rule." *Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1201 n.3 (10th Cir. 2000).

identify those findings or recommendations to which the objections are being made" and that failure to timely file objections would bar appellate review. R. at 431 n.2. Moreover, we do not find the FECA-related claims to be sufficiently substantial to justify excusing the firm waiver rule. Finally, contrary to his contention, the fact that he has received FECA benefits for over 17 years is not a basis to invoke the interests-of justice exception. Accordingly, Mr. Wideman's FECA-related claims are waived.

## II.      Racial Discrimination Claim

Mr. Wideman next contends the district court erred in dismissing his racial discrimination claim premised on the claims examiner asking how he could shop for groceries if he was disabled.[6] We disagree.

To the extent the court dismissed Mr. Wideman's claim for lack of subject matter jurisdiction, our review is de novo. *See Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 (10th Cir. 2019). To the extent the court found the claim frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), we review for an abuse of discretion, unless there is an issue of law, which we review de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* (internal quotation marks omitted).

---

[6] Mr. Wideman asserted in his objections that the claims examiner "made some very discriminatory remarks," R. at 453, but he has only identified the challenged statement.

It is well-settled that "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). In his complaint, Mr. Wideman cited the Civil Rights Act of 1968 as a jurisdictional basis for his racial discrimination claim. But the district court correctly found "nothing under the Civil Rights Act of 1968 that would pertain to the claims that [Mr. Wideman] is raising in this action." R. at 440. The Civil Rights Act of 1968 encompasses hate crimes, the Indian Civil Rights Act, the Fair Housing Act, and the Anti-Riot Act. *See* Civil Rights Act of 1968, Pub. L. No. 90-284, 82 Stat. 73, 73-92. None of these provisions apply to Mr. Wideman's allegations, and he has not argued otherwise. *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) (noting arguments not raised or adequately presented in an appellant's opening brief are waived). The district court, therefore, correctly dismissed the claim for lack of subject matter jurisdiction to the extent it was based on the Civil Rights Act of 1968.

Additionally, although not specifically pleaded in the complaint, the district court assessed whether Mr. Wideman's claim could be cognizable as a constitutional claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The court properly rejected the claim to the extent it was against the United States Government—the only defendant named in the complaint. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[A] *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies[.]" (citation omitted)). The court then properly

7

determined the claim was frivolous to the extent it was against the claims examiner, observing that "racially discriminatory language can provide some evidence of a discriminatory purpose when . . . coupled with some additional harassment or constitutional violation" but that "a racial epithet by itself is not an actionable violation of the Equal Protection Clause." R. at 441.[7] *Cf. Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam) (noting verbal abuse alone does not violate the constitution).[8]

On appeal, Mr. Wideman has offered only conclusory assertions without "citations to the record or legal authority." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 (10th Cir. 2012). And this "court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004). Having thoroughly reviewed the briefs and the record, we find no reversible error, and we affirm the

---

[7] Contrary to his assertion, the magistrate judge did not agree the statement was racist but merely concluded that "[t]o the extent the claims examiner's question *could* be construed as racist, or even a racial epithet, the question does not rise to the level of a constitutional violation," R. at 441 (emphasis added).

[8] In his objections, Mr. Wideman asserted for the first time that his benefits were terminated *after* his conversation with the claims examiner and that she "followed up her words with actions that were Racially Motivated." R. at 456. He, thus, attempted to connect the allegation in his complaint that the claims examiner asked him a racist question with his separate allegation that the requirement of vocational training and the resulting termination of benefits was racist. But "theories raised for the first time in objections to the magistrate judge's [recommendation] are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

dismissal of the racial discrimination claim for substantially the same reasons stated in the magistrate judge's recommendation adopted by the district court.

## III.    Restriction on Future Appeals

As the district court observed, Mr. Wideman is "not a stranger to [the] [c]ourt," having filed twelve other cases in that court since 2004. R. at 432. Four of those cases concerned his FECA benefits, with the district court dismissing three and administratively closing one. *See id.* at 432-33 & n.3. Mr. Wideman appealed one of those dismissals, and we affirmed, finding that he had "not fairly allege[d] a legally sufficient federal connection" and that some of his arguments were "patently meritless." *Wideman v. Watson*, 617 F. App'x 891, 892-94 (10th Cir. 2015).

We previously have imposed filing restrictions on Mr. Wideman because of his frivolous appeals regarding child custody issues. *See Wideman v. Colorado*, 409 F. App'x 184, 187 (10th Cir. 2010); *see also id.* at 185 n.1 (citing the prior appeals). Because of the frivolous actions he has filed related to his FECA benefits, including now two frivolous appeals, we hereby restrict Mr. Wideman from filing further pro se materials with this court related to his FECA benefits, subject to the opportunity to object described below. *See Ford v. Pryor*, 552 F.3d 1174, 1180-81 (10th Cir. 2008).

Mr. Wideman shall have twenty days from the date of this order and judgment to file written objections, limited to ten pages, to these proposed filing restrictions. *See id.* If he does not file timely objections, the restrictions shall take effect thirty days from the date of this order and judgment. *See id.* If he does file timely

9

objections, the restrictions shall only take effect if and when this court rules against his objections. *See id.* at 1181-82.

## CONCLUSION

The district court's judgment is affirmed, and Mr. Wideman's motion to compel is denied. His objections, if any, to the proposed filing restrictions described above are due twenty days from the date of this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge