NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL ALLEN ROBERTSON, *Plaintiff/Appellant*,

*v.*

AMANDA JANE BACOLAS, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0734
FILED 11-21-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-006284
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Michael Allen Robertson, Scottsdale
*Plaintiff/Appellant*

Jaburg & Wilk PC, Phoenix
By Corrinne R. Viola, Katharine Myers
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Angela K. Paton joined.

---

C A T L E T T, Judge:

¶1        Michael Allen Robertson ("Robertson") brought several claims under 42 U.S.C. § 1983 ("§ 1983") against his two adult daughters. Robertson alleged they violated various Arizona statutes and his constitutional rights during prior juvenile court proceedings. The superior court dismissed Robertson's complaint for failure to state a claim. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Amanda and Jennifer Bacolas (collectively, the "Bacolas") are Robertson's adult children from his first marriage. In 2018, the Department of Child Safety (the "Department") initiated dependency, and later termination, proceedings against Robertson regarding two minor children from his second marriage. The Bacolas testified against Robertson during those proceedings.

¶3        In 2020, Robertson consented to termination of his parental rights as to his two minor children. The juvenile court terminated Robertson's rights and vested legal custody with the Department. One of the Bacolas adopted the children, and the juvenile court dismissed the action.

¶4        In 2022, Robertson filed a complaint, which he later amended, in superior court against the Bacolas. The amended complaint alleged the Bacolas falsely testified as to his parental fitness during the termination proceedings, thereby committing perjury. Robertson claimed the Bacolas falsely testified "to receive the government benefits of foster placement and adoptions of [Robertson's] minor children." Robertson maintained that the Bacolas "perpetrated an adoption fraud against [him] . . . *with* [the Department.]" Robertson also claimed that the Bacolas stole his minor children, violating his "property interests" in them. Lastly, Robertson claimed that the Bacolas abused him emotionally, as a vulnerable adult,

under A.R.S. § 13-3623. Although the seven counts in Robertson's amended complaint relied on a variety of constitutional and statutory provisions, at least six of those claims ultimately sought relief under § 1983.

**¶5** Robertson sought compensatory damages and declaratory relief. But he also requested that the superior court vacate the juvenile court's orders terminating his parental rights and finalizing the adoption of his children.

**¶6** The Bacolas filed a motion to dismiss under Arizona Rule of Civil Procedure 12(b)(6). The superior court granted the Bacolas' motion, concluding none of Robertson's seven claims could proceed because none stated a valid claim for relief.

**¶7** Robertson timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8** Robertson challenges the dismissal of his seven claims. We review *de novo* the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). Dismissal under that rule is appropriate if "as a matter of law . . . plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998). We assume the truth of all well-pled factual allegations; conclusory statements are insufficient. *Coleman*, 230 Ariz. at 356 ¶ 9.

### I. § 1983 Claim

### A. Color of State Law

**¶9** To state a claim under § 1983, a plaintiff must allege a person acting under color of state law violated his federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under color of state law, one must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Johnson v. McDonald*, 197 Ariz. 155, 161 ¶ 25 (App. 1999) (quotations omitted) ("A private person acts under color of state law when involved in a conspiracy with state officials to deprive someone of federal rights.").

**¶10** Robertson alleged the Bacolas "perpetrated an adoption fraud against [Robertson] . . . with [the Department] . . . providing false,

3

fraudulent, and highly impeachable testimony that [Robertson] was an abusive and unfit parent during [the Bacolas'] childhood[s]." But the Bacolas were, at all relevant times, private citizens who never purported to act on the government's behalf. Robertson cannot avoid dismissal by simply asserting that the "Bacolas acted under the color of the laws of the State of Arizona," without a factual basis to back up the allegation. *See BLK III, LLC v. Skelton*, 252 Ariz. 583, 588 ¶ 15 (App. 2022) (explaining that "conclusory statements are insufficient to state a claim upon which relief can be granted"). Putting conclusory allegations aside, the allegations in Robertson's amended complaint, even if assumed true, do not establish that the Bacolas were "clothed with the authority of state law." *West*, 487 U.S. at 55.

¶11 Relying on *Dennis v. Sparks*, 449 U.S. 24 (1980), Robertson argues that the Bacolas acted under color of state law by conspiring with the Department to prevent Robertson's reunification with his minor children. As proof of that conspiracy, Robertson points to the Department's use of the Bacolas' allegedly false and "significantly encouraged" testimony during the termination proceedings. But testifying during a judicial proceeding—even falsely—does not cloak one with state authority. *See Briscoe v. LaHue*, 460 U.S. 325, 329–41 (1983) (noting that 42 U.S.C. § 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding). And none of the other actions Robertson attributes to the Bacolas was sufficient—individually or in combination— to satisfy § 1983's "under the color of state law" requirement. *Cf. Wideman v. Garcia*, 382 Fed. Appx. 741, 742 (10th Cir. 2010) (concluding defendant's decision to file family-law actions against plaintiff could not "be plausibly read as a conspiracy with [state] officials").

## B. Violation of Federal Rights

¶12 Robertson was also required to allege that the Bacolas violated his federal rights. *See West*, 487 U.S. at 48. Robertson alleges a violation of his parental and due process rights based on what he claims was false testimony. To be sure, one's right to raise one's children has found protection in the Fourteenth Amendment's Due Process and Equal Protection Clauses. *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972). But Robertson's claims fail because Robertson relinquished his parental rights to the Department and consented to adoption. Arizona's parental-rights termination statute, A.R.S. § 8-533(B)(7), provides that parental consent is one ground for termination. And once a parent's rights are terminated, the parent is divested of "all legal rights, privileges, duties and obligations[.]" A.R.S. § 8-539.

4

¶13         Further, for a parent's rights to be terminated, he or she must be provided with "fundamentally fair procedures that satisfy due process requirements." *Jessie D. v. Dep't Child Safety*, 251 Ariz. 574, 579 ¶ 8 (2021) (quotations omitted). Arizona's termination statute satisfies due process because the statutory grounds for termination are "synonymous with parental unfitness" and if at least one of the grounds set out in the statute is found, including consent, parental termination is justified and constitutional. *Jessie D.*, 251 Ariz. at 579 ¶ 8. Thus, Robertson did not validly plead that the Bacolas violated his parental or due process rights, or any other federal right.

## II.    Collateral Attack

¶14         In the amended complaint, Robertson asserts that he "self-severed" his parental rights under duress, at least in part, because of "a character assassination" by the Bacolas. Arizona law allows a juvenile court judgment to be set aside based on duress. *See Navajo Cnty. Juv. Action No. JA-691*, 171 Ariz. 369, 372 (App. 1991). But Arizona law also provides that "[a]fter one year from the date the adoption decree is entered, any irregularity in the proceeding shall be deemed cured and the validity of the decree shall not thereafter be subject to attack on any such ground in any collateral or direct proceeding." A.R.S. § 8-123. Arizona courts also recognize a broader principle: "unless a judgment is void" for lack of jurisdiction, "the judgment cannot be collaterally attacked even if it is 'erroneous or wrong.'" *Duncan v. Progressive Preferred Ins. Co. ex rel. Est. of Pop*, 228 Ariz. 3, 7 ¶ 13 (App. 2011).

¶15         The 2020 termination and adoption orders remain valid, final orders, which Robertson did not timely challenge or appeal. The juvenile court concluded that Robertson knowingly, intelligently, and voluntarily consented to place the children up for adoption, and that Robertson did not do so based on fraud, coercion, or duress. Robertson's allegations in the amended complaint collaterally attack the juvenile court's orders, including the court's conclusion that Robertson did not involuntarily consent to adoption. And Robertson's allegations are, at least in part, aimed at undoing the juvenile court's adoption orders, which Robertson made clear when he requested that the superior court vacate those orders and return the children to him. Yet the time for Robertson to challenge the validity of the juvenile court's orders long ago expired, and so his attempt to

collaterally attack those orders anew—by alleging duress and false testimony in this action—fails as a matter of law.[1]

## CONCLUSION

**¶16** We affirm. We award costs to the Bacolas upon compliance with Arizona Rule of Civil Appellate Procedure 21. In our discretion, we deny their request for attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] Although Robertson clarified on appeal that he asserted the first six counts of his amended complaint under § 1983, it is not clear whether he did so for the seventh count. To the extent Robertson asserted the seventh count under § 1983, it fails for the same reasons as the first six counts. If Robertson intended to assert a stand-alone claim for vulnerable adult abuse under A.R.S. § 13-3623, the claim fails because that statute is in the criminal code and Robertson does not explain how the statute creates a private right of action. *See Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 294 (App. 1994) ("The general rule is that 'no private cause of action should be inferred based on a criminal statute[.]'").